# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-41148
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHAD CALHOUN,

Defendant-Appellant

————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:15-CR-17-1

————

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

After a jury trial, Chad Calhoun was convicted of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), and possession of child pornography, in violation of § 2252A(a)(5)(B) and (b)(2). On appeal, Calhoun challenges his conviction on two grounds. First, he argues that the evidence presented at trial was insufficient to support his convictions because the Government failed to prove beyond a reasonable doubt that he

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

knowingly received or possessed the child pornography files found on a laptop seized from the residence he shared with his wife, Katie.  Second, he argues that the district court erred by denying his motion to suppress the laptop, and all evidence derived therefrom, because the laptop was accessed by an unknown person two days after it was seized by law enforcement.

We review a preserved sufficiency challenge such as Calhoun's de novo. *See United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007); *United States v. Resio-Trejo*, 45 F.3d 907, 910 n.6 (5th Cir. 1995).  However, we view all evidence and any reasonably inferences that flow therefrom in the light most favorable to the jury's verdict.  *Frye*, 489 F.3d at 207.

The main point of dispute at trial was whether it was Calhoun or someone else who received and possessed the child pornography files found on the laptop.  "Possession may be either actual or constructive." *United States v. Moreland*, 665 F.3d 137, 149 (5th Cir. 2011).  "When the government seeks to prove constructive possession of contraband found in a jointly occupied location, it must present additional evidence of the defendant's knowing dominion or control of the contraband, besides the mere joint occupancy of the premises, in order to prove the defendant's constructive possession." *Id.* at 150. The Government presented a substantial amount of circumstantial evidence meeting this standard.  The approximately 380 child pornography files on the laptop were associated with the password-protected Windows user account named "Chad" and had file creation dates spanning from 2009 to 2014. Forensic analysis showed that the "Chad" user account had searched for and downloaded numerous child pornography files over a particular peer-to-peer file sharing network from both Calhoun's residence and the church where he was employed as the senior pastor.  The pattern and logistical requirements for downloading those files indicated that the person who downloaded them

had lengthy and consistent access to the laptop and, specifically, the "Chad" user account. Although several documents apparently authored by Katie were saved in the "Chad" user account, there were numerous photographs and documents in that account that were directly related to Calhoun, including an account of a traffic accident authored by him. The same afternoon someone used the laptop to download a child pornography file over the course of three hours, the "Chad" user account was used to access the internet and to open a document with "Daniel 10" written in the top corner—a possible allusion to a bible passage. The church secretary testified that she had observed Calhoun carrying his laptop bag to church every morning and using the laptop in his office. While she confirmed that Calhoun had an "open-door policy" for his office, she never observed anyone else working on the laptop.

Viewing the evidence in the light most favorable to the verdict, we conclude that the Government provided sufficient circumstantial evidence, besides the mere joint occupancy of the premises, establishing at least a plausible inference of Calhoun's knowing dominion or control of the child pornography files. *See Moreland*, 665 F.3d at 150. Although Calhoun argues that this case is like *Moreland*, in which we found that there was insufficient evidence supporting a conviction for possession of child pornography, the files at issue in *Moreland* "were not in plain view, but were . . . accessible only to a knowledgeable person using special computer software, and there was no circumstantial indicium that established that [the defendant] knew of the images or had the ability to access them." *Id.* at 152. By contrast, child pornography files with suggestive titles were saved in a folder on the "Chad" user account's desktop. Given the evidence linking Calhoun to the "Chad" user account and the evidence that the "Chad" account was used to search for and download child pornography files with suggestive names, there was also

No. 16-41148

sufficient evidence of Calhoun's knowing receipt of child pornography. *Cf. United States v. Payne*, 341 F.3d 393, 403–04 (5th Cir. 2003).

Calhoun also contends that the district court erred by denying his motion to suppress the laptop, and all evidence derived therefrom, because the laptop was accessed two days after it was seized by law enforcement. In reviewing the denial of a motion to suppress, this court reviews the district court's factual findings for clear error and its conclusions of law de novo. *United States v. Woerner*, 709 F.3d 527, 533 (5th Cir. 2013). This court will uphold the district court's denial "if there is any reasonable view of the evidence to support it." *Id.* (quoting *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc)). Evidentiary decisions are reviewed for an abuse of discretion. *United States v. Barnes*, 803 F.3d 209, 217 (5th Cir. 2015).

The parties stipulated that the law enforcement officer charged with logging the laptop into the evidence room was likely the person who accessed the laptop while it was in law enforcement custody. Although the parties also stipulated that none of the child pornography files on the laptop were accessed or altered by that officer, Calhoun sought to suppress the laptop under Federal Rule of Evidence 901(a) because the Government did not prove that the laptop was in substantially the same condition as when the crime was committed or when the laptop was seized. The district court denied that motion after determining that the facts established a prima facie showing of authenticity and questions as to the weight the evidence deserved should be resolved by the jury. The record supports that the laptop was not changed in any important respect from its original condition. *See United States v. Albert*, 595 F.2d 283, 290 (5th Cir. 1979). Thus, the district court properly denied Calhoun's motion to suppress.

AFFIRMED.